SUSAN KUMLI
Acting Regional Solicitor
LAURA BREMER (Cal. Bar No. #162900)
Counsel for ERISA
JENNIFER L. STA.ANA (Cal. Bar No. #307977)
Trial Attorney
U.S. Department of Labor
90 Seventh Street #3-700, San Francisco, CA 94103
(415) 625-7767 | StaAna.Jennifer.L@dol.gov

*Attorneys for Plaintiff Marty Walsh*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| MARTY WALSH, Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> ENSEMBLE DESIGNS, INC., a California corporation; ENSEMBLE DESIGNS, INC. SIMPLE IRA PLAN, an employee benefit plan; DAVID G.S. WOOD, an individual, <br><br> Defendants. | Case No. <br><br> COMPLAINT FOR VIOLATIONS OF ERISA |

In violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), Defendants Ensemble Designs, Inc. and David G.S. Wood ("Wood") failed to timely transfer employees' earned income to employees' retirement benefit accounts, providing an unearned benefit to the company and its fiduciaries. 29 U.S.C. §§ 1001-1191c. ERISA ensures employers do not use an employee's retirement savings for the benefit of the company and its fiduciaries. *See* ERISA § 2, 29 U.S.C. § 1001. Plaintiff Marty Walsh,

COMPLAINT FOR VIOLATIONS OF ERISA, Page **1** of **7**

Secretary of Labor, United States Department of Labor (the "Secretary"), brings this action under ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), to obtain equitable relief for employees who have been denied their savings under ERISA § 409, 29 U.S.C. § 1109. The Secretary also brings this action pursuant to ERISA § 502(a)(5), 29 U.S.C. § 1132(a)(5), to enjoin Defendants from violations under Title I of ERISA and obtain further equitable relief to redress violations and enforce Title I of ERISA.

## JURISDICTION AND VENUE

1. This court has jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

2. Venue of this action lies in the Eastern District of California, Sacramento Division, pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the Defendants reside and may be found in Nevada County; the Ensemble Designs, Inc. SIMPLE IRA Plan ("IRA Plan" or "Plan") was administered in Nevada City, Nevada County, California; and the breaches took place in Nevada City, Nevada County, California, within this district.

## DEFENDANTS

3. The SIMPLE IRA Plan is an employee benefit plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3), which is subject to the provisions of Title I of ERISA pursuant to ERISA § 4(a), 29 U.S.C. § 1003(a). The IRA Plan is named as a Defendant pursuant to Rule 19(a) of the Federal Rules of Civil Procedure, solely to ensure that complete relief can be granted.

4. At all relevant times, Defendant Ensemble Designs, Inc. was and is the Plan Administrator and Plan Sponsor under ERISA § 3(16)(A)(ii) and § 3(16)(B)(i), 29 U.S.C. §1002(16)(A)(ii) and 29 U.S.C. §1002 (16)(B)(i); a fiduciary of the IRA Plan within the meaning of ERISA §§ 3(21)(A)(i) and (iii), 29 U.S.C. §§ 1002(21)(A)(i) and

(iii); and a party-in-interest to the IRA Plan within the meaning of ERISA §§ 3(14)(A) and (C), 29 U.S.C. §§ 1002(14)(A) and (C).

5. At all relevant times, Defendant Wood was and is the President, Chief Executive Officer, Chief Financial Officer, Director, and Owner of Ensemble Designs, Inc.; exercised discretionary authority and control over the management and disposition of the IRA Plan and its assets; exercised discretionary authority and responsibility in administrating the IRA Plan; was and is a fiduciary of the IRA Plan within the meaning of ERISA §§ 3(21)(A)(i) and (iii), 29 U.S.C. §§ 1002(21)(A)(i) and (iii); and was and is a party-in-interest to the IRA Plan within the meaning of ERISA §§ 3(14)(A), (E) and (H), 29 U.S.C. §§ 1002(14)(A), (E) and (H).

6. At all relevant times, Defendant Wood had and exercised authority over the corporate bank account(s) of Ensemble Designs, Inc.

7. At all relevant times, Defendants Ensemble Designs, Inc. and Wood were co-fiduciaries within the meaning of ERISA § 405, 29 U.S.C. § 1105.

## FACTUAL ALLEGATIONS

8. Defendant Ensemble Designs, Inc. established the IRA Plan on or around October 24, 2012, which was effective starting on or around January 1, 2013, to provide benefits to its employees and their families upon retirement. Defendant Wood signed the "Simple IRA Adoption Agreement" on or around October 24, 2012 to establish the IRA Plan.

9. The IRA Plan allows for participating employees to contribute to the IRA Plan through pre-tax payroll deductions, whereby the employer would forward such deferred amounts to the IRA Plan to be allocated to each individual participant's IRA account at the custodian chosen by the employee.

10. Employees of Defendant Ensemble Designs, Inc., who chose to participate in the company's IRA Plan, filed an application from one of several Plan custodians: Ameriprise Financial, Franklyn Templeton, Raymond James, UBS Financial, or National Financial Services.

11. Defendants Ensemble Designs, Inc. and Wood adopted a "Simple IRA Adoption Agreement," distributed to employees a "SIMPLE IRA Participation Notice and Summary Description," and signed agreements with custodians selected by Plan participants. These documents govern how Ensemble Design, Inc. executes the IRA Plan.

12. At all relevant times, Defendant Wood exercised discretionary control and authority over the management and administration of the Plan and operations of Defendant Ensemble Designs Inc., including Ensemble Design Inc.'s payroll, employee contributions, and the disposition of Plan assets. During all times relevant to this complaint, Defendant Wood signed checks contributing to the IRA Plan.

13. During the period from September 20, 2016 to August 30, 2019, Defendants Ensemble Designs, Inc. and Wood caused Ensemble Designs, Inc. to withhold approximately $31,080.31 from employees' wages for contributions to the IRA Plan, which it never forwarded to the IRA Plan. Instead, Ensemble Designs, Inc. retained and commingled Plan participant's earnings with the company's accounts and used it for its own purposes.

14. Based on review of IRA Plan contributions remitted from January 1, 2015 to December 31, 2015, Ensemble Designs, Inc. established a pattern and practice of making salary reduction contributions to the IRA Plan, which demonstrated that the contributions withheld from the employees' wages could reasonably segregate from Ensemble Designs, Inc.'s general assets and be forwarded to the IRA Plan on an average of 28 workdays.

15. From at least March-July 2016, January-December 2018, and January-August 2019, Defendants Wood and Ensemble Designs, Inc. caused Ensemble Designs, Inc. to untimely transfer participants' wages to the IRA Plan, at times up to 83 calendar days (on or around December 11, 2018 and December 26, 2018) after an employee would have otherwise received the amount as wages.

16. Ensemble Designs, Inc. has not repaid the earnings Plan participants lost as a result of these untimely transfers, amounting to $3,898.48 as of November 3, 2021.

17. After August 30, 2019, Ensemble Designs, Inc. stopped withholding amounts from Plan participants' wages and stopped forwarding any amounts to the IRA Plan.

**CLAIM FOR RELIEF**
**Failure to Remit Employee Contributions in a Timely Manner**
**[29 U.S.C. §§ 1103(c)(1); 1104 (a)(1)(A) and (B); 1105(a)(1); 1106(a) and (b)]**
**[Against Defendants Ensemble Designs, Inc. and David G.S. Wood]**

18. The Secretary realleges and hereby incorporates by reference the foregoing paragraphs as though fully set forth herein.

19. In violation of ERISA § 403(c)(1), 29 U.S.C. § 1103(c)(1), Defendants Ensemble Designs., Inc. and Wood, acting in their fiduciary capacities, allowed the assets of the IRA Plan to inure to the benefit of the employer.

20. In violation of ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1), Defendants Ensemble Designs, Inc. and Wood, as fiduciaries, failed to discharge duties with respect to the IRA Plan solely in the interest of participants and beneficiaries and for the exclusive purpose of (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administrating the IRA Plan; with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

21. In violation of ERISA § 405(a)(1), 29 U.S.C. § 1105 (a)(1), Defendant Wood participated knowingly in the breaches of the fiduciary duty and/or had knowledge of such breaches by co-fiduciary Defendant Ensemble Designs, Inc.

22. In violation of ERISA § 405(a)(1), 29 U.S.C. § 1105(a)(1), Defendant Ensemble Designs, Inc. participated knowingly in the breaches of the fiduciary duty and/or had knowledge of such breaches by co-fiduciary Defendant Wood.

23. In commingling employee contributions with company account(s), Defendants Ensemble Designs., Inc. and Wood caused the IRA Plan to engage in transactions they knew or should have known constituted a direct or indirect exchange of

property between the IRA Plan and a party-in-interest; and transfer to, or use by, or for the benefit of a party-in-interest, of IRA Plan assets, in violation of ERISA § 406(a), 29 U.S.C. § 1106(a).

24. Defendants Ensemble Designs., Inc. and Wood commingled employee contributions, dealt with the IRA Plan assets in their own interest or for their own accounts, and acted in transactions involving the IRA Plan on behalf of a party whose interests are adverse to the interests of Plan participants or beneficiaries, in violation of ERISA § 406(b), 29 U.S.C. § 1106(b).

25. As a direct and proximate result of Defendants' fiduciary breaches, the IRA Plan suffered losses, including lost opportunity-income, for which the Defendants are jointly and severally liable pursuant to ERISA § 409, 29 U.S.C. § 1109.

26. Under ERISA § 502(a)(2), the Secretary seeks to obtain appropriate equitable relief under ERISA § 409, 29 U.S.C. § 1109, for Defendants' breaches of their fiduciary duties. In addition, pursuant to ERISA § 502(a)(5), 29 U.S.C. § 1132(a)(5), the Secretary seeks to enjoin Defendants' acts and practices that violate the provisions of Title I of ERISA and to obtain such further equitable relief as may be appropriate to redress and enforce the provisions of Title I of ERISA.

## PRAYER FOR RELIEF

WHEREFORE, the Secretary prays for judgment:

A. Ordering Defendants Ensemble Designs., Inc. and Wood to restore to the IRA Plan any losses, including lost-opportunity income, resulting from fiduciary breaches committed by them or for which they are liable;

B. Ordering an offset of Defendant Wood's individual IRA account balance against the amount the Defendants owe as a result of their fiduciary breaches;

C. Ordering Defendants Ensemble Designs., Inc. and Wood to correct the prohibited transactions in which they engaged or in which they caused the IRA Plan to engage;

D. Permanently enjoining Defendants Ensemble Designs., Inc. and Wood from

violating the provisions of Title I of ERISA;

  E. Permanently enjoining Defendant Wood from serving as a fiduciary of, or service provider to, any ERISA-covered employee benefit plan;

  F. Appointing an independent fiduciary with full discretionary authority to administer the IRA Plan, and if appropriate, to distribute the IRA Plan's assets to the participants and beneficiaries, terminate the IRA Plan, and conclude any Plan-related matters connected with the proper termination of the IRA Plan;

  G. Requiring the Defendants to pay for all costs associated with the appointment and retention of the independent fiduciary;

  H. Requiring the Defendants to cooperate with the independent fiduciary;

  I. Awarding the Secretary the costs of this action; and

  J. Ordering such further relief as is appropriate and just.

Dated: December 21, 2021

        SEEMA NANDA
        Solicitor of Labor

        SUSAN KUMLI
        Acting Regional Solicitor

        LAURA BREMER
        Counsel for ERISA

        By: */s/ Jennifer L. Sta.Ana*
          JENNIFER L. STA.ANA
          Trial Attorney

        Attorneys for Plaintiff
        United States Department of Labor